**Jeffrey D. Katz (Bar No. 17071)**
**Jeffrey@jdkatz.com**
**JDKATZ, PC**
**4800 Montgomery Lane, Suite 600**
**Bethesda, MD 20814**
**240-743-5408(443) 645-6374 (Facsimile)**
**Attorneys for Plaintiff**
**TAGHAVI HUTAN**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **HUTAN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No.** 1:25-cv-000837 |
| **THE ISLAMIC REPUBLIC OR IRAN: et at.** | | |
| **Defendants** | : | |
| | : | |

**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE BY ELECTRONIC MAIL AND TO DEEM SERVICE COMPLETE UPON DEFENDANTS**

## INTRODUCTION

Plaintiff Hutan Taghavi respectfully moves this Court for an order: (1) authorizing service upon Defendants Islamic Republic of Iran ("Iran"), the Islamic Revolutionary Guard Corps ("IRGC"), and the Ministry of Intelligence and Security ("MOIS") by electronic mail; and (2) in the alternative, deeming service complete upon all Defendants pursuant to *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1 (D.D.C. 1998), and *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13 (D.D.C. 2002).

This motion is necessitated by extraordinary circumstances. Plaintiff has already attempted service by certified mail pursuant to 28 U.S.C. § 1608(a)(3), which was returned undelivered. See **Exhibit B** (certified mail receipts). On March 11, 2026, the U.S. Department of State formally confirmed that the Swiss Embassy's Foreign Interests Section in Tehran is "temporarily closed until further notice" and that "*service upon Iranian defendants under Sec. 1608(a)(4) is not possible at this time*." See **Exhibit A** (State Department correspondence). The statutory mechanisms for service have been exhausted or are unavailable. Under these circumstances, service by electronic mail is the only practicable means of providing notice to Defendants.

## I. BACKGROUND

### A. The Underlying Action

Plaintiff filed this action in March 2025, asserting claims against Iran, the IRGC, and MOIS under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A. Plaintiff, a naturalized United States citizen, seeks redress for the brutal torture he personally endured at the hands of the IRGC, the extrajudicial killing of his father, the false imprisonment and death of his mother in Defendants' custody, the torture of his family members, and an ongoing campaign of terror, intimidation, and harassment that has followed him for over four decades across multiple countries, including within the United States.

### B. Plaintiff's Service Efforts

Following filing, Plaintiff attempted service by registered mail pursuant to 28 U.S.C. § 1608(a)(3). The certified mail was addressed to the head of the Ministry of Foreign Affairs of the Islamic Republic of Iran and dispatched by the Clerk of Court. The registered mail was returned undelivered. See **Exhibit B** (Certificate of the Cleark).

Having exhausted service by registered mail, Plaintiff now seeks to effectuate service through alternative means. As detailed below, the U.S. Department of State has confirmed that

service through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4) is not possible due to the closure of the Swiss Embassy's Foreign Interests Section in Tehran. Accordingly, Plaintiff moves for authorization to serve Defendants by electronic mail.

**C. The FSIA Service Framework**

The FSIA establishes a hierarchical framework for service upon foreign states. 28 U.S.C. § 1608(a). Service must be attempted in the following order: (1) special arrangement; (2) international convention; (3) certified mail to the head of the ministry of foreign affairs; and (4) diplomatic channels through the Secretary of State. *Id.* No special arrangement governs service between the United States and Iran, and Iran is not a party to any applicable international convention on service.

For agencies and instrumentalities of a foreign state, service may be made under 28 U.S.C. § 1608(b), which provides that service may be effected "by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" or, if no such agent can be found, "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served" or "as directed by order of the court consistent with the law of the place where service is to be made." 28 U.S.C. § 1608(b)(3)(C).

**D. The State Department's Confirmation of Impossibility**

On March 11, 2026, the U.S. Department of State informed Plaintiff's counsel that the Swiss Embassy's Foreign Interests Section in Tehran—the sole mechanism for diplomatic service upon Iranian defendants under 28 U.S.C. § 1608(a)(4)—is "temporarily closed until further notice." The State Department further confirmed that "service upon Iranian defendants under Sec. 1608(a)(4) is not possible at this time" and that it is unable to provide "a precise timetable for when service may be accomplished." See **Exhibit A**.

This closure is a direct consequence of the ongoing military conflict between the United States and Iran, which commenced on February 28, 2026, and has resulted in the deaths of Iran's Supreme Leader, the commander of the IRGC, and numerous other senior Iranian officials.

**E. The Impossibility of Traditional Service Methods**

As a result of the current hostilities, all traditional methods of service upon Iranian defendants are now unavailable:

*Foreign Mailing via the Clerk of the Court*: Plaintiff attempted service by registered mail pursuant to 28 U.S.C. § 1608(a)(3). The registered mail was returned undelivered. See **Exhibit B** (Certificate of the Clerk). This result is consistent with Iran's decades-long pattern of refusing certified mail service in FSIA cases. *See Flatow*, 999 F. Supp. at 12 (noting Iran's "consistent policy" of refusing service). Additionally, Iran's postal infrastructure has been severely disrupted by the ongoing military operations, rendering future certified mail attempts futile.

*Diplomatic Channels*: As confirmed by the State Department, the Swiss Embassy's Foreign Interests Section—the sole mechanism for diplomatic service—is closed until further notice. See **Exhibit A**. Diplomatic service is impossible.

*Physical Delivery*: The United States is actively engaged in military operations against Iran. Physical delivery of process to Iranian government offices is obviously impossible.

Under these extraordinary circumstances, electronic mail represents the only practicable means of providing notice to Defendants.

**F. The U.S.-Iran Military Conflict**

On February 28, 2026, the United States and Israel launched coordinated military strikes against the Islamic Republic of Iran in an operation known as "Operation Epic Fury" (U.S.) and "Operation Roaring Lion" (Israel). *See, e.g., U.S., Israel Strike Iran in Coordinated Attack*, Wall St. J., Feb. 28, 2026; *Operation Epic Fury: Pentagon Confirms Strikes on Iranian Nuclear*

*Sites*, N.Y. Times, Feb. 28, 2026. The strikes targeted Iranian nuclear facilities, IRGC military installations, and senior leadership compounds across the country. On March 1, 2026, Iranian state media confirmed the death of Supreme Leader Ali Khamenei, who was killed in the initial strikes. *See Iran Confirms Khamenei's Death; Revolutionary Guard Vows Retaliation*, Reuters, Mar. 1, 2026. IRGC Ground Forces Commander Brigadier General Mohammad Pakpour was also killed. *See IRGC Commander Among Senior Officials Killed in U.S.-Israeli Strikes*, Associated Press, Mar. 1, 2026.

The military operations have caused widespread disruption to Iranian government functions. The Swiss Embassy in Tehran, which houses the Foreign Interests Section that serves as the sole mechanism for diplomatic service under 28 U.S.C. § 1608(a)(4), has curtailed operations due to the ongoing conflict. *See Swiss Embassy in Tehran Suspends Consular Services Amid Conflict*, Agence France-Presse, Mar. 3, 2026. As the State Department's March 11, 2026 correspondence confirms, the Foreign Interests Section is now "temporarily closed until further notice" and service upon Iranian defendants "is not possible at this time."

The conflict remains ongoing. Iranian retaliatory strikes have been reported against U.S. military installations in the region, and the security situation in Tehran remains unstable. *See Iran Launches Retaliatory Strikes; U.S. Forces on High Alert*, Wash. Post, Mar. 5, 2026. There is no indication when—or whether—normal diplomatic functions will resume. Under these circumstances, continued reliance on statutory service methods that depend on Iranian government cooperation or functioning diplomatic channels would be futile.

## II. LEGAL STANDARD

The FSIA establishes a hierarchical framework for service upon foreign states. 28 U.S.C. § 1608(a). However, where the prescribed methods have been exhausted or are unavailable, courts have inherent authority to fashion alternative means of service consistent with due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)

(due process requires only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action").

Where a foreign state has refused service and diplomatic channels are unavailable, courts in this District have consistently deemed service complete. *See Flatow*, 999 F. Supp. at 12 (deeming service complete where Iran refused to accept service through diplomatic channels); *Weinstein*, 184 F. Supp. 2d at 19-20 (same); *Brewer v. Islamic Republic of Iran*, 664 F. Supp. 2d 43, 49-50 (D.D.C. 2009) (same).

Courts have recognized email as an appropriate method of alternative service where traditional methods are unavailable. *See, e.g., Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (approving email service where defendant was "elusive" and traditional methods ineffective); *F.T.C. v. PCCare247 Inc.*, No. 12-cv-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing email service on foreign defendants).

## III. ARGUMENT

### A. The State Department's Confirmation Establishes Impossibility

The State Department's formal confirmation that § 1608(a)(4) service "is not possible at this time" is dispositive. This is not argument or speculation—it is an official determination by the agency Congress designated to facilitate diplomatic service. When the State Department declares that the statutory mechanism is unavailable and cannot provide any timetable for its restoration, Plaintiff has exhausted his statutory options.

The rationale is clear: a sovereign state should not be permitted to defeat a plaintiff's cause of action through the simple expedient of refusing to accept service. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994). Here, it is not merely Iran's historical refusal of service but the complete closure of the diplomatic channel that prevents service. Plaintiff should not be penalized for circumstances entirely beyond his control—circumstances created by Defendants' own conduct that led to the current military conflict.

**B. Service by Electronic Mail Is Appropriate**

Given the impossibility of traditional service methods, Plaintiff requests authorization to serve all Defendants by electronic mail to the Permanent Mission of the Islamic Republic of Iran to the United Nations at **iran@un.int**.

Service at this address is appropriate for all three Defendants. The Permanent Mission is the official diplomatic representation of the Islamic Republic of Iran in the United States. The IRGC and MOIS are agencies of Iran, and service upon Iran's official mission provides constructive notice to all Iranian government entities. Once received, Iranian officials can disseminate the summons and complaint to the appropriate ministries and agencies. This is consistent with the structure of 28 U.S.C. § 1608(a)(3), which directs service to "the head of the ministry of foreign affairs"—a central address from which notice flows to the relevant components of the foreign state.

Electronic mail service to Iran's UN Mission is reasonably calculated to provide actual notice under the circumstances. Iran maintains an active diplomatic presence at the United Nations and continues to communicate electronically with the international community. The Mission remains operational and staffed notwithstanding the current hostilities. Email to this address will reach officials with authority to receive communications on behalf of the Iranian government and its agencies.

**C. In the Alternative, Service Should Be Deemed Complete**

If the Court declines to authorize email service, Plaintiff respectfully requests that service be deemed complete pursuant to *Flatow* and *Weinstein*. The State Department has confirmed that diplomatic service is impossible. Under the established precedent of this District, service should be deemed complete when the statutory mechanisms are unavailable through no fault of the plaintiff.

**D. Defendants Have Actual Notice**

Due process is satisfied. Iran is well aware of the extensive FSIA litigation pending against it in this District. The IRGC and MOIS, as agencies of Iran, are likewise on constructive notice. Moreover, the extensive international media coverage of litigation against Iran—and of the events giving rise to this lawsuit—provides additional assurance that Defendants are aware of claims against them. Defendants have made a deliberate choice not to participate in FSIA proceedings—they should not be rewarded for that choice by indefinite delay of these proceedings.

**CONCLUSION**

The State Department has confirmed that the statutory mechanism for diplomatic service is closed and that no timetable exists for its reopening. Traditional methods of service are impossible due to the ongoing military conflict. Under these extraordinary circumstances, Plaintiff respectfully requests that this Court:

(1) Authorize service upon all Defendants by electronic mail to iran@un.int; or

(2) In the alternative, deem service complete upon all Defendants pursuant to *Flatow* and *Weinstein*; and

(3) Grant such other relief as the Court deems just and proper.

Dated: March 11, 2026

Respectfully submitted,

/s/Jeffrey D. Katz
Jeffrey D. Katz Bar# 17071
JDKatz, P.C.
4800 Montgomery Avenue, Suite 600
Bethesda, MD 20814
Phone: (240) 743-5408
Email: Jeffrey@JDKatz.com
Attorney for Plaintiff Sayavash Mahvi